UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNADII ALEKSANDROVICH KOSTAREV, | Case No.  1:26-cv-00046-JLT-HBK (HC) |
| Petitioner, | ORDER TO RESPONDENTS DIRECTING SUPPLEMENTAL BRIEFING |
| v. | MARCH 3, 2026 DEADLINE |
| DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| Respondents. | |

Petitioner, an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Golden State Annex Facility in McFarland, California, has pending a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 challenging, *inter alia*, his prolonged detention after his application for voluntary departure was granted on December 4, 2025.  (Doc. 1, "Petition"; Doc. 4 at 20-21).  On February 6, 2026, Respondent filed an Answer arguing that because Petitioner did not voluntarily depart by January 5, 2026, after the joint motion for voluntary departure was granted on December 4, 2025, the voluntary departure order automatically converted to a final removal order; and because Petitioner is now subject to a final removal order, he is subject to mandatory detention for 90 days pursuant to 8 U.S.C. § 1231(a)(2). (Doc. 14 at 3 (citing 8 C.F.R. § 1241.1(f))).

On February 20, 2026, Petitioner filed a "Notice of Supplemental Authority and Developments," with an attached "Motion to Reopen" the proceedings in Petitioner's underlying immigration removal proceedings filed on February 9, 2026, which was three days after Respondents filed their Answer to the Petition.  (Doc. 20, "Motion").  In the Motion, the Department of Homeland Security ("DHS") argues the joint motion for voluntary departure granted on December 4, 2025 was filed "in error" because it was based, in part, on Petitioner's concession and admission to the charges set forth in the original Notice To Appear, however, DHS subsequently filed a Form I-261 on September 25, 2024 (*See* Doc. 14-3) correcting the original charge and alleging Petitioner is an arriving alien and inadmissible pursuant to INA § 212(a)(7)(A)(i)(I).  (Doc. 20 at 5).  DHS claims that due to his "corrected" status as an arriving alien, Petitioner is no longer eligible for voluntary departure; instead, Petitioner must file a motion to withdraw his request for admission.  Thus, DHS requested that the IJ reopen proceedings so DHS can plead to the "correct" charges and "join a motion to withdraw his request for admission."  (*Id*.).

Based on the initial pleadings, the Court was inclined to agree with Respondent that the order granting the joint motion for voluntary departure automatically converted to a final removal order on the January 5, 2026 deadline; and thus, because Petitioner is now subject to a final removal order, he is subject to mandatory detention for 90 days pursuant to 8 U.S.C. § 1231(a)(2). However, in light of the recent documents submitted by Petitioner, the Court is reluctant to rule on Petitioner's alleged grounds for relief based entirely on his detention status post-motion for voluntary departure in considering DHS's recent revelation that the motion for voluntary departure was filed in error and the matter should be reopened for Petitioner to plead to the "corrected" charges and perhaps join a motion to withdraw his request for admission.  (*See* Doc. 20 at 5).

The Court finds supplemental briefing on this issue would be of assistance to the Court in resolving Petitioner's claim, particularly in light of his pro se status.

Accordingly, it is hereby **ORDERED**:

**No later than March 3, 2026**, Respondents **SHALL** submit supplemental

2

briefing specifically addressing Petitioner's current detention status and the status of his removal proceedings before the immigration court, including but not limited to **ANY AND ALL** documentation provided to Petitioner regarding (1) his initial apprehension and any subsequent release from custody (i.e., I-220A order of release on recognizance if applicable), (2) his application for and any decision regarding his request for asylum, (3) the basis for his current detention, and (4) any and all available records documenting the most recent status of his removal proceedings, including IJ decisions subsequent to the motion filed on February 9, 2026 and communication with his immigration attorney regarding a proposed joint motion to withdraw his application for admission, with particular attention paid to whether the pending habeas petition is now moot and/or any request for action by the Court.

Dated:    February 23, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3