**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENNADII ALEKSANDROVICH KOSTAREV (A No. 240-267-376),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et. al.[1],<br><br>Respondents. | No. 1:26-cv-00046 JLT HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 1, 17, 24, 25) |

Petitioner is a *pro se* immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 24, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition for writ of habeas corpus and order Petitioner's immediate release. (Doc. 24.) The Court served the F&R on the parties and notified them that any objections were due within five days. (*Id*. at 17.) The Court advised them that "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." (*Id*. (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) On March 27, 2026, Respondents filed timely

[1] The Magistrate Judge directed the Clerk of Court to update the case caption to reflect Warden of the Golden State Annex Detention Facility as the proper Respondent, (Doc. 24 at 1 n.1), but the Court notes that the docket has not yet been updated.

1

objections relying entirely on their previous briefings. (*See* Doc. 26; *see also* Docs. 14, 22.) Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes that the F&R is supported by the record and proper analysis.

That said, after the F&R was issued, Petitioner informed the Court that ICE released him from custody on March 10, 2026, the same day that the Immigration Judge terminated Petitioner's removal proceedings and reopened his immigration case for adjudication on his I-485 application for adjustment of status.[2] (Doc. 25 at 1; *see also* Doc. 22-1 at 3.) Though Petitioner filed a motion for voluntary dismissal indicating that his case was moot after he was released from ICE custody, he nonetheless requests this Court enjoin Respondents from "re-arrest[ing] or re-detain[ing] him absent a material, documented change in circumstances." (Doc. 25 at 1.)

The Court finds that the case is not moot because the threat of re-detention remains. Respondents insist that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), despite acknowledging that Petitioner's immigration proceedings had been reopened by the IJ, (*see* Doc. 22 at 1–2). Respondents thus have not disavowed their practices in regard to this Petitioner, (*id*. at 1–3), and "this Court [remains] concerned about the potential for Respondents to resume Petitioner's detention under circumstances this Court has found are likely to be unlawful." *Arody Tome Ramos v. Noem*, *et al.*, No. 5:26-cv-00064-MEMF-ADS, 2026 WL 851369, at *3 (C.D. Cal. Feb. 23, 2026). Therefore, in so far as Petitioner requests an injunction against his future re-detention, the case is not moot. *See id*. (explaining that the case is not moot when "Respondents have not disavowed their practices, have not adjusted their policies, and have not assured Petitioner that he is not subject to re-detention"). Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 24, 2026 (Doc. 24) is **ADOPTED IN FULL**.

2. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

---

[2] Upon entering Petitioner's A-Number into EOIR's website, the automated case portal confirms this information. The website indicates that the IJ granted the motion to reopen on February 23, 2026, and terminated Petitioner's removal proceedings on March 10, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited June 24, 2026).

2

3.  The Request for Expedited Consideration (Doc. 17) is **TERMINATED**.

4.  The Motion to Dismiss (Doc. 25) is **TERMINATED**.

5.  Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.[3]

6.  The Clerk of Court is directed to **CLOSE THE CASE** and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    **June 25, 2026**

_Jennifer L. Thurston_

UNITED STATES DISTRICT JUDGE

---

[3]  If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal, and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondents **SHALL** provide a bond hearing in the timeframe required by law.